### SCHWARTZ v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Term.   March 14, 1907.)

EVIDENCE—HEARSAY EVIDENCE.

The testimony of an officer of defendant bank, receiving a note to discount, on ascertaining the standing of the maker, to prove the loss of the note in the mails, that the cashier of another bank to whom the note had been sent to ascertain the financial standing of the maker told the officer over the telephone that he had received the note and had remailed it, was hearsay, and not binding on the holder, suing for its return.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1174–1192.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Adolph Schwartz against the Mechanics' & Traders' Bank. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Feltenstein & Rosenstein, for appellant.
Charles Strauss, for respondent.

DAVIS, J.  The plaintiff was a depositor in the defendant bank. In May, 1905, he presented three notes to the defendant for discount. These notes were made by Jacob Gold and were payable to the plaintiff. The defendant's vice president declined to discount the notes without first ascertaining the financial ability of the maker. The plaintiff stated that Mr. Gold had an account with the Astor Bank and suggested investigating there.  The plaintiff thereupon left one of the notes with the bank.  The evidence clearly establishes an agreement on the part of the bank to discount the note or to return it.  The inquiries by the defendant at the Astor Bank as to the status of the maker of the note were certainly made with a view to the discounting of the note. The note was never discounted, nor was it returned to the plaintiff. He therefore brought this suit to recover damages for the breach of the contract to discount or return the note.

The defendant claims that there was no agreement, but that it was merely a gratuitous bailee of the note, charged only with ordinary care, and liable only for gross negligence.  The evidence fails to sustain this contention.  To claim that the defendant received the note with the sole purpose of finding out the standing of the maker for the plaintiff, and with no understanding that it should be discounted if the maker proved good, contradict all the natural inferences from the evidence.  In defense the bank endeavored to show that the note had

been lost and through no negligence on its part. On receiving the note the defendant mailed it to the Astor Bank, with inquiries. To prove the loss of the note in the mails, the defendant's vice president was allowed to testify that the bank never regained possession of the note, and that the cashier of the Astor Bank told him over the 'phone that he had received the note and had remailed it to the defendant. The conversation between the witness and the cashier of the Astor Bank was objected to, but admitted in evidence. It was error to admit this conversation. It was hearsay, and not binding upon the plaintiff. The cashier was then dead, but no attempt was made to prove the receipt of the note by the Astor Bank and its remailing to the defendant by any witness from the Astor Bank. On the whole case the judgment should be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.